Case 1:18-cr-00106-TWP-TAB   Document 59   Filed 08/27/25   Page 1 of 6 PageID #: 386

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 1:18-CR-00106-001-TWP-TAB |
| Joshua Nelson ) | |
| ) | USM No: 15903-028 |
| Date of Original Judgment: 07/25/2018 ) | |
| Date of Previous Amended Judgment: ) | Steven D. Allen (former) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 07/25/2018 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 8/27/2025

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable Tanya Walton Pratt, U.S. District Court Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00106-TWP-TAB |
| | ) | |
| JOSHUA NELSON, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE AND GRANTING MOTION FOR STATUS UPDATE**

This matter is before the Court on Defendant Joshua Nelson's ("Nelson") Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines (Dkt. 34; Dkt. 42).[1] Nelson was convicted of Conspiracy to Launder Money (Dkt. 25) and received a sentence of 160 months, concurrent with his sentence in an earlier-filed drug conspiracy conviction, *United States v. Nelson*, No. 1:17-cr-00190-004 (S.D. Ind.) (the "Drug Conspiracy Case"). *Id.* Nelson seeks a reduction of his sentence pursuant to Part A to Amendment 821. Plaintiff United States of America (the "Government") has filed a Response in Opposition, in which it asserts that Nelson is ineligible for reduction because, although Part A of Amendment 821 is applicable to him, it does not change his guideline range (Dkt. 47). Nelson has also filed a Motion for Status Update as to the Motion for Reduction of Sentence (Dkt. 57). The Motion for Status Update is **granted**, and, for the reasons explained below, the Motion for Reduction of Sentence is **denied**.

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Nelson (Dkt. 34). Counsel was later granted leave to withdraw (Dkt. 40). Mr. Nelson was afforded an opportunity to file a motion following the withdrawal. He filed his amended Motion for Reduction of Sentence on July 15, 2024 (Dkt. 42).

The Court has the authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G. § 1B1.10. *Id.* at 828–29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

As to the step one analysis under *Dillon*, the Government argues that Nelson is not eligible for a sentence reduction because Amendment 821 reduces his criminal history points by only 1 point (from 5 to 4), leaving him in the same Criminal History Category of III (Dkt. 47 at 5). The Government is correct. Nelson is not eligible for a sentence reduction, but for a different reason. Nelson's prior conviction resulted in a subtotal criminal history score of 3, and because Nelson committed the instant offense while on probation, 2 status points were added. His total criminal history score of 5 established a Criminal History Category of III, which applies to a defendant with 4 to 6 points (PSR ¶ 49). Based on an offense level of 35 and Criminal History Category of III, Nelson's original guideline range was 210 to 262 months (PSR ¶ 84). The Court granted a substantial downward variance and imposed a sentence of 160 months.

In Part A, the Sentencing Commission made certain amendments to U.S.S.G § 4A1.1, which provides the circumstances in which "status points" are added to a defendant's criminal

history category calculation. After these amendments, defendants with fewer than 7 criminal history points receive no "status points." Nelson's total criminal history points therefore change from 5 to 3, placing him in Criminal History Category II. Based on an offense level of 35 and amended Criminal History Category of II, Nelson's amended guideline range is 188 to 235 months. However, because Nelson's sentence of 160 months is already below the amended guideline range minimum, he cannot have his sentence reduced further. Pursuant to U.S.S.G § 1B1.10(b)(2)(A), after an amendment to the sentencing guidelines, the Court generally may not "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." The Court may reduce a defendant's sentence to a term below the amended guideline range only if the defendant provided "substantial assistance" to authorities. U.S.S.G. § 1B1.10(b)(2)(B). Nelson did not provide substantial assistance, so this exception is inapplicable. Because Nelson's sentence is already lower than the amended guideline range minimum, he is not eligible for resentencing. *See* § 1B1.10(b)(2)(A).

In his Motion, Nelson explains that he believed his guideline range was 168 to 210 months but received a letter stating that his guideline range was 210 to 262 months. He requests clarification on this issue. This discrepancy was explained during Nelson's July 17, 2018 sentencing hearing. As explained by the Government and Nelson's then-counsel during the hearing, Nelson agreed to plead guilty in the Drug Conspiracy Case before the Government had charged Nelson in the instant case (Dkt. 32 at 29, 32). At that time, Nelson's offense level was calculated at 33. With an offense level of 33 and 5 criminal history points, Nelson's guideline range would have been 168 to 210 months. Nelson's offense level increased to 35 because of the money laundering conspiracy charge. The parties' stipulated[2] offense level of 33 was different from the

---

[2] The plea agreement states that while the parties' stipulation is binding on the parties, it is only a recommendation to the Court, and the Court determines the advisory sentencing guidelines that apply in these cases. (Dkt. 6 at 11).

offense level of 35 calculated by the probation officer in the Presentence Investigative Report. Despite the parties' stipulation, the Court agreed with the probation officer's calculation and determined that the total offense level was 35. (Dkt. 32 at 27). An offense level of 35 with 5 criminal history points placed Nelson in a guideline range of 210 to 262 months (Dkt. 21 ¶ 8). The Government argued for a 210-month sentence. Considering the factors under 3553(a), the Court imposed a downward variance and sentenced Nelson to 160 months imprisonment which was substantially below the advisory guideline range of 210-262; and likewise, below the minimum guideline range stipulated by the parties in Nelson's plea agreement (168 to 210 months). Accordingly, even if Nelson's guideline range had been 168 to 210 months, he would not be eligible for any further reduction of his sentence.

Because Nelson is not eligible for resentencing under Part A of Amendment 821, the Court need not proceed to step two under *Dillon*. The Court commends Nelson for his diligent efforts toward his personal and professional growth—completing his associate's degree—while in custody and hopes that he continues those efforts. Additionally, because a reduction in criminal history points may impact an inmate's classification, the Court **directs the Clerk** to forward a copy of this entry to the Warden at F.P.C. Morgantown.

Nelson's Motion for Status Update (Dkt. 57) is **GRANTED**, as this Order provides the status of the pending motion. Nelson's Motion for Reduction of Sentence (Dkt. 34; Dkt. 42) is **DENIED, but his criminal history points are reduced to 3**.

**SO ORDERED**.

Date:  8/27/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

JOSHUA NELSON
Reg. No. 15903-028
FPC Morgantown
FEDERAL PRISON CAMP
P.O. BOX 1000
MORGANTOWN, WV   26507

Warden
FPC Morgantown
FEDERAL PRISON CAMP
P.O. BOX 1000
MORGANTOWN, WV   26507